**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES MACKS and LISA MACKS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **2:10cv357-MHT** |
| | ) | **(WO)** |
| **U.S. BANK NATIONAL ASSOCIATION, as Trustee for CMLTI 2007-WFHE3, and WELLS FARGO BANK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

**Plaintiffs James and Lisa Macks brought this lawsuit in state court seeking damages arising out of an attempted foreclosure on their home by defendants U.S. Bank National Association and Wells Fargo Bank. The banks removed this lawsuit under 28 U.S.C. §§ 1332, 1441, & 1446 (diversity). The Mackses now move for remand to state court because the banks have failed to demonstrate that the $ 75,000 amount in controversy required for**

diversity jurisdiction has been met in this case. For the reasons that follow, the Mackses' remand motion will be granted.

I.

For purposes of removal pursuant to diversity-of-citizenship jurisdiction, where damages have not been specified by the plaintiff, a removing defendant has the burden of proving by a preponderance of the evidence that the $ 75,000 amount-in-controversy requirement is met. Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). The court may not "speculate in an attempt to make up for the notice's failings." Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 n.63 (11th Cir. 2007).[1]

---

1. In Pretka v. Kolter City Plaza II, Inc., -- F.3d --, --, 2010 WL 2278358, at *1 (11th Cir. 2010) the Eleventh Circuit Court of Appeals explained that "Lowery was a case that involved removal procedures in the second paragraph of 28 U.S.C. § 1446(b), and the decision must be read in that context." Pretka rejected as dicta the Lowery court's statement that "the 'receipt from the (continued...)

Finally, "[r]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are to be resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

II.

In February 2007, the Mackses executed a promissory note and a mortgage with GMFS, LLC (the original lender), with Wells Fargo Bank instituted as the loan servicer. The mortgage was then sold to Mortgage Electronic Registrations Systems, Inc. In June 2008, Mortgage Electronic assigned the mortgage to U.S. Bank.

---

1. (...continued)
plaintiff' rule is not limited to removals made under the second paragraph of § 1446(b) but applies to first paragraph removals as well." Id. at *15. The Pretka court explained that, "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance-of-evidence standard." Id. at *8 (emphasis added). Accordingly, this court has placed no such limitation upon the types of evidence that may be utilized by the defendants in order to satisfy the preponderance-of-evidence standard.

In 2009, the Mackses filed for Chapter 13 Bankruptcy. After that claim was denied, the Mackses' attorney contacted Wells Fargo to request that it allow them to make an effort to modify their loan and stay foreclosure proceedings under the Home Affordable Modification Program, a federal program designed to help financially struggling homeowners avoid foreclosure. The request was denied, and the Mackses were informed that only payment in full would stop foreclosure.

In January 2010, Wells Fargo notified the Mackses that it was increasing the interest rate on their loan and that a loan modification was not possible for them. Later that month, the Mackses received a notice from Wells Fargo asserting that they had defaulted on their loan, the entire balance of the mortgage and note was due, and foreclosure was to begin immediately. At the same time, U.S. Bank asserted that they own the mortgage and also attempted to foreclose upon the Mackses' home. Before either bank could foreclose, however, the Mackses filed this action in state court, seeking damages and

requesting a temporary restraining order. After the state court granted the temporary order, the banks removed this case to federal court.

The Mackses argue that Wells Fargo and U.S. Bank have no right to pursue foreclosure at this time because the banks have failed to provide the mandatory pre-foreclosure default servicing required of companies that received funds under the Troubled Asset Relief Plan, a federal program that purchases assets and equity from financial institutions following the subprime mortgage crisis. The Mackses further argue that the banks have no right to pursue foreclosure at this time because they have failed to provide the mandatory pre-foreclosure default servicing required by the loan agreement. Additionally, the Mackses allege that the assignment between Mortgage Electronic and U.S. Bank is defective, void, or otherwise unenforceable and that the banks lack standing to foreclose.

The Mackses seek injunctive relief as well as damages stemming from wrongful foreclosure, malicious prosecution, and abuse of process. They also ask the court to continue a state-court temporary restraining order, thereby preventing foreclosure until their case might be heard.

III.

The Mackses do not specify the damages sought for any of their claims. U.S. Bank and Wells Fargo, nevertheless, contend that this case belongs in federal court. The banks argue that the opposing parties are from different States and the $ 75,000 amount-in-controversy requirement is met because "this case involves the acceleration by Defendants of a $ 90,250 promissory note secured by the mortgage against real property that Plaintiffs themselves recently valued at $ 135,000." Def.'s Resp. in Opp. to Remand at 1 (Doc. No. 17); see 28 U.S.C. § 1332. In making this argument, the banks focus

**on the value of injunctive relief, not the damages stemming from the Mackes' tort claims. The banks' argument does not persuade the court.**

**All parties concede that the "plaintiff-viewpoint rule" is the proper method for determining the amount in controversy when injunctive relief is sought. See Ericsson GE Mobile Commc'ns v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 218-19 (11th Cir. 1997) (courts are "requir[ed] ... to measure the object of the litigation solely from the plaintiff's perspective."). "[T]he value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1268 (11th Cir. 2000). The banks argue, however, that even from the Mackses' viewpoint the amount in controversy exceeds $ 75,000. They assert that the Mackses seek injunctive relief barring foreclosure on the property at issue and that, therefore, the value of the property determines the**

**financial value at stake. To support this proposition, they cite Waller v. Professional Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961) ("when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.") (emphasis added).[2]**

**Crucially, however, the Mackses do not challenge the validity of the mortgage in its entirety; they simply assert that "[o]ne of the defendants should prove ownership of the mortgage and debt prior to [the] foreclosure." Pl.'s Mot. to Remand at 3 (Doc. No. 12). As such, the Mackses seek a temporary restraining order until a final determination of the allegations within their complaint have been made on the merits. From the plaintiffs' perspective, then, the monetary value of the injunctive relief is not the entire value of the**

---

**2. In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.**

**property; rather, it is the value of a delay in foreclosure. See James v. U.S. Bank Nat. Ass'n, 2009 WL 2170045, at *4-5 (M.D. Ala. July 17, 2009) (Thompson, J.) (holding that amount in controversy is the value of a delay in foreclosure); see also Carstarphen v. Deutsche Bank Nat'l Trust Co., 2009 WL 1537861, at *5 (S.D. Ala. June 01, 2009) (Steele, J.) (same). While delay may be very important to the Mackses, it is certainly worth much less than the property itself, and the court cannot simply rely on the value of the mortgage or the property to determine that amount. See James, 2009 WL 2170045, at *5; see also Carstarphen, 2009 WL 1537861, at *5 (determining that the court had "no basis" for valuating temporary restraining order above $ 75,000).**

**Therefore, U.S. Bank and Wells Fargo have failed to present any evidence that clearly establishes that the amount in controversy in this case exceeds the jurisdictional threshold of $ 75,000.**

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs James Macks and Lisa Macks's motion to remand (Doc. No. 12) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama for want of jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 23rd day of July, 2010.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE